UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

DERVAL NETTLES,

*Defendant.*

Criminal Action No. 24-361 (TJK)

## ORDER

On September 27, 2024, Defendant Derval Nettles filed a four-page motion to suppress, arguing that "the evidence seized from [Defendant's] person must . . . be suppressed" and that "[s]tatements made by [Defendant] must also be suppressed." ECF No. 22 at 3. In support of his first argument, Defendant argues that "when [he] was seized, the police had no facts, that when taken together, [he] had committed a crime." *Id.* In support of his second argument, Defendant says that, because he was suffering from a gunshot wound when he made statements to the police, the statements must be excluded as involuntary. *Id.* Defendant does not identify any specific evidence or statements he seeks to exclude. The Government opposed the motion, requesting that the Court deny it without prejudice because it is too conclusory to justify either suppression or an evidentiary hearing. ECF No. 24 at 1. The Court agrees and will deny the motion without prejudice.

In general, criminal defendants are entitled to an evidentiary hearing on a motion to suppress when they make "factual allegations which, if established, would warrant relief." *United States v. Thornton*, 454 F.2d 957, 967 n.65 (D.C. Cir. 1971). Such allegations, however, must be more than "conclusory or conjectural." *Id.* Accordingly, district courts do not abuse their discretion when they deny suppression motions that are not accompanied by the "'definite, specific,

detailed and nonconjectural' statement of facts that is a prerequisite for an evidentiary hearing." *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988) (quoting *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)).

Here, Defendant has failed to allege sufficient facts that would justify either suppression or even an evidentiary hearing. His argument for suppression of unidentified evidence seized from his person, for example, is limited to the assertion that the police lacked probable cause to arrest him because they "had no facts, that when taken together, [he] had committed a crime." ECF No. 22 at 3. But a defendant's recitation of the definition of probable cause and bald allegation that the police did not have probable cause to arrest him is the sort of conclusory allegation that will not support suppression or require an evidentiary hearing. Rather, Defendant needs to explain what evidence he seeks to suppress and must grapple with facts that, through discovery, he understands the police to have had—or claim to have had—when he was arrested.

Additionally, Defendant's argument for suppression of his statements is confined to the assertion that he was suffering from a serious gunshot wound "when he was approached by an officer who then began questioning him." ECF No. 22 at 3. But that alone does not allege facts necessary to conclude that Defendant's statements were "involuntary, i.e., the product of coercion, either physical or psychological." *Rogers v. Richmond*, 365 U.S. 534, 540 (1961). Instead, Defendant largely rests on the conclusory allegation that, "[b]ecause of his physical and mental condition due to his injuries, [Defendant] was in no condition to make statements that would be admissible." ECF No. 22 at 4. But to vaguely gesture toward Defendant's "mental condition"— while not specifically alleging that his statements were the product of coercion or identifying what those statements were—is not definite, specific, detailed, or nonconjectural enough to justify an

evidentiary hearing.  *Cf. Rollins*, 862 F.2d at 1291.

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Suppress, ECF No. 22, is **DENIED WITHOUT PREJUDICE**.  It is further **ORDERED** that Defendant may renew his motion by October 18, 2024; that the Government shall file any response by October 25, 2024; and that Defendant shall file any reply by October 30, 2024.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: October 11, 2024