UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : Case No. 24-CR-361 (TJK) |
| DERVAL NETTLES, | : |
| | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.  **Summary of the Plea Agreement**

Defendant Derval Nettles agrees to admit guilt and enter a plea of guilty to Count One of the Information charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and Count Two of the Information charging him with Assault With Intent to Kill, in violation of D.C. Code § 22-401.

II. **Penalties**

The penalties for Count One for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, 922(g)(1), are:

    (A)    a term of imprisonment not more than 15 years;

    (B)    a fine not to exceed $250,000;

    (C)    a term of supervised release of not more than three years; and

    (D)    a special assessment of $100.

The penalties for Count Two for Assault With Intent to Kill, in violation of D.C. Code § 22-401, are:

    (A)    a term of imprisonment not more than 15 years;

    (B)    a fine not to exceed $250,000;

    (C)    a term of supervised release of not more than three years; and

    (D)    a special assessment of $100.

## II.   Elements of the Offenses

To prove that the defendant is guilty of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, the government must prove the following beyond a reasonable doubt:

1. That the defendant possessed a firearm or ammunition;
2. That he did so voluntarily and on purpose, and not by mistake or accident, with knowledge that the items he possessed was a firearm or ammunition;
3. That the firearm or ammunition had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);
4. At the time the defendant possessed the firearm or ammunition, he had been convicted of a crime punishable by imprisonment of a term exceeding one year and had knowledge of that fact.

To prove that the defendant is guilty of Assault With Intent to Kill, the government must prove the following beyond a reasonable doubt:

1. The defendant, with force or violence, injured or attempted to injure unknown persons;
2. Defendant did so voluntarily, on purpose, and not by mistake or accident;
3. At the time, the defendant had the apparent ability to injury unknown persons;

4. At that time, the defendant intended to kill unknown persons.

### III. Proffer of Evidence

If this case were to go to trial, the government would be ready to prove, beyond a reasonable doubt, the following facts:

On Saturday, June 15, 2024, at approximately 2:00 AM, Mr. Derval Nettles and three other suspects drove to the 2700 black of Langston Place SE in a white Infiniti Q50. At the time, Mr. Nettles was armed with two firearms:

1. A tan Glock 19X BKBR931 loaded with one round in the chamber and thirty rounds in a thirty-one round magazine; and

2. A black Micro Draco ROA-21 with black strap, loaded with one round in the chamber and forty-nine rounds in a sixty-round capacity magazine.

Mr. Nettles and the three other men exited the white Infiniti, and then Mr. Nettles and the other men opened fire on a group of men and women standing outside of a stoop in front of one of the apartment buildings in that block. Mr. Nettles fired at least eleven rounds at this group of individuals. When Mr. Nettles fired at this group, he intended to kill at least one of these individuals.

Two individuals in the targeted group obtained their own firearms and returned fire. At least one of these individuals struck Mr. Nettles. Mr. Nettles discarded the black Micro Draco firearm by the driver's seat door of the white Infiniti and then attempted to flee the area. As he passed by a set of bushes, Mr. Nettles discarded the tan Glock firearm in the bushes. Mr. Nettles then attempted to hide on the ground behind a different row of bushes.

Law enforcement responded and found Nettles on the ground. Mr. Nettles falsely claimed that he was visiting family in the area and identified his aunt as "Ms. Chicken." Mr. Nettles had been convicted of an offense punishable by more than a year imprisonment. Specifically, on

September 25, 2014, he was convicted of Attempted Robbery, Possession of an Unregistered Firearm, and Obstructing Justice in D.C. Superior Court Case No. 2013 CF3 018628 and was sentenced to sixty-months' imprisonment. As a result, Mr. Nettles was aware that he had been convicted of an offense punishable by more than a year imprisonment.

No firearms or ammunition are manufactured within Washington, D.C., therefore all of the firearms and ammunition referenced above traveled in or affected interstate commerce.

Respectfully submitted,

/s/ *Kyle M. McWaters*
Kyle M. McWaters
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Offense and carefully reviewed every part of it with my attorney, Tezira Abe. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: 7-9-25

_____
Derval Nettles  Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Proffer of Facts and carefully reviewed it with my client, Derval Nettles, and discussed it fully. I do not object to my client's agreement with and acceptance of this Proffer of Facts.

_____
Tezira Abe
Attorney for Derval Nettles